RECEIVED
IN MONROE, LA
AUG 2 2 2006
AC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILLIAM T. WHEELER | CIVIL ACTION NO. 06-1334 |
| VS. | SECTION P |
| WARDEN, CALDWELL CORRECTIONS CENTER | JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is an "Emergency Writ of Habeas Corpus" filed on August 3, 2006 by pro se petitioner William T. Wheeler. Petitioner is a pre-trial detainee who is presently incarcerated at the Caldwell Corrections Center, Grayson, Louisiana. He is apparently incarcerated awaiting trial on charges of aggravated incest which are pending in the Thirty-Seventh Judicial District Court, Caldwell Parish. [See Bill of Information, doc. 1-3, p. 19] He seeks "... this court's enforcement of a binding contract re State of Louisiana v. William T. Wheeler alleged case no. 05-4488, and the immediate release of William T. Wheeler from physical confinement..." [doc. 1-1, p. 1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On November 30, 2005, Thirty-Seventh Judicial District Court Judge Don C. Burns

signed a warrant ordering the arrest of petitioner on charges of aggravated incest. On December 1, 2005 the warrant was executed and petitioner was taken into custody. [doc. 1-1, p. 2] On January 24, 2006 District Attorney Iley H. Evans filed a Bill of Information charging petitioner with aggravated incest.

On June 8, 2006 petitioner sent the District Attorney a "Private Administrative Remedy Demand ... inclusive of an Affidavit of Specific Negative Averment Denying Corporate Existence Form" and a "Request for Proof of Claim." [doc. 1-1, p. 3] When the District Attorney did not respond to these "claims" petitioner, on June 19, 2006, submitted a "Notice of Default and Damage Assessment with Opportunity to Cure Form." When Evans failed to respond, Joe Gilbert, Notary Public, sent him a "Notice of Dishonor" and "Notice of Default." [id., p. 4] When Evans failed to respond, Gilbert issued a "Certificate of Dishonor." Petitioner contends that as a result of Iley's "... failure to perform or object to said Private Administrative Remedy Demand ... [pursuant to UCC 1-201(3)(12), 303(a)], a binding contract does exist between William T. Wheeler and Iley H. Evans wherein the parties consented and agreed to specific terms and conditions..." such as, "That the State of Louisiana, Parish of Caldwell, Thirty-Seventh Judicial District Court, William T. Wheeler, all legal names ... all corresponding/sub-agencies thereof ... are non-existent, fictitious, corporate entities without any jurisdiction over the natural body, property and/or possessions of William T. Wheeler ..." [id., p. 5] Petitioner also claims that as a result of the foregoing, the Bill of Information charging him with a criminal offense "... is void on its face and must be dismissed..." Finally, he claims that as a result of the foregoing, petitioner should be "... released from any further obligation in connection with the Bill of Information..." [id., p. 6]

Petitioner likewise claims that similar documents, having the same effect, were sent to Judge Burns. [doc. 1-1, pp. 7-8]

Petitioner therefore concludes that since the State of Louisiana has adopted the Uniform Commercial Code the contracts between petitioner, the District Attorney, and Judge Burns are binding and since petitioner has challenged the jurisdiction of the Louisiana court, the State cannot proceed in their prosecution and the criminal charges pending against him should be dismissed. [*id.*, p. 11]

Petitioner prays for his immediate release from confinement and the immediate dismissal of the pending charges in the matter entitled *State of Louisiana v. William T. Wheeler*, No. 05-4488. In support of his petition, petitioner has provided copies of the various documents listed above. [doc. 1-3, pp. 1-31]

## Law and Analysis

Petitioner is a pre-trial detainee who is challenging a pending Louisiana state court criminal prosecution. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he

has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson*, 816 F.2d at 225, citing *Braden*, 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson*, 816 F.2d at

4

225-226.

The nature of the remedy sought provides a further distinction. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner's prayer for relief establishes beyond any doubt that he seeks dismissal of the incest charges pending in the Louisiana court and his immediate release from custody. Further, the pleadings, along with Louisiana's published jurisprudence reflects that petitioner has not exhausted available state court remedies.

Ordinarily, *habeas* petitions raising unexhausted claims are dismissed without prejudice to allow the federal litigant an opportunity to return to court once exhaustion of state remedies has been accomplished. In this case, however, petitioner's claims for relief are manifestly without merit. To be eligible for *habeas* corpus relief under the provisions of 28 U.S.C. §2241, petitioner must establish that his custody is in violation of the Constitution or laws of the United States. [See §2241(c)(3) which provides, "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States..."] Here, petitioner argues that his custody is violative of the Uniform Commercial Code

and the laws of the State of Louisiana. Further, petitioner's assertions and this legal theories are, generously put, nonsensical and bordering on the fantastic.

Therefore,

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failing to exhaust available state court remedies and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana this 22nd day of August, 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE